COPY

KENNETH EADE (SBN 93774)
keneade@gmail.com
LAW OFFICE OF KENNETH G. EADE
6399 Wilshire Blvd. Suite 507
Los Angeles, CA 90048
Tel: (323) 782-8802
Fax: (323) 704-3539

*Attorneys for Plaintiff*
ANGELIQUE DE MAISON, DERIVATIVELY

FILED
CLERK, U.S. DISTRICT COURT

MAR 1 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ANGELIQUE DE MAISON, derivatively, on behalf of CLAIRNET, LTD., formerly known as WIKIFAMILIES, INC., a Nevada corporation,

                    Plaintiff,

          v.

CLAIRNET, LTD., a Hong Kong corporation, JOHN KARLSSON, an individual, DAVID PRICE, an individual, VINCENT QI, an individual, DAVID CLAYTON, an individual, CONTINENTAL STOCK TRANSFER & TRUST, a limited purpose trust company chartered under the state of New York Banking Department, and DOES 1 through 10, inclusive,

                    and

CLAIRNET, LTD., nominal Defendant,

                    Defendants.

Case No. EDCV13-481-VAP (SP)

**VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

1. **RESCISSION AND RESTITUTION**

2. **DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

VERIFIED COMPLAINT

ANGELIQUE DE MAISON ("Plaintiff") is a shareholder of CLAIRNET, LTD., a Nevada corporation, formerly known as WIKIFAMILIES, INC., (the "Company") and files this Verified Shareholder Derivative Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 23.1 on behalf of the Company against its subsidiary and certain of its officers and directors seeking to remedy Defendants' violations of the law, including breaches of fiduciary duty, relating to events which began in September 2012 and continue to the present day (the "Relevant Period") and that have caused substantial losses to the Company and other damages, including, but not limited to, its reputation and goodwill. Plaintiff hereby alleges upon personal knowledge as to her own acts and upon information and belief as to all other matters, based upon, *inter alia*, an investigation conducted by her counsel, which included, among other things, a review of publicly available documents filed with the United States Securities and Exchange Commission (the "SEC") and the Nevada Secretary of State ("Nevada").

## **INTRODUCTORY ALLEGATIONS**

1. Plaintiff ANGELIQUE DE MAISON is a citizen of the state of California and a shareholder of CLAIRNET, LTD., a Nevada corporation (the "Company"), formerly known as WIKIFAMILIES, INC., which had its principal place of business and accounting and executive offices in the state of California before the events described herein.

2. Nominal Defendant CLAIRNET, LTD. is now, and at all times herein mentioned was, organized under the laws of the state of Nevada, with its principal place of business in the state of Maryland.

3. Defendant JOHN KARLSSON ("KARLSSON") is now, and at all times herein mentioned was, an individual and a citizen of Vancouver, B.C., Canada, and the current president and director of the Company.

4. Defendant VINCENT QI ("QI") is now, and at all times herein mentioned was, an individual and a citizen of Hong Kong, and a director of the Company.

- 1 -

5.    Defendant DAN CLAYTON ("CLAYTON") is now, and at all times herein mentioned was, an individual and citizen of Beijing, China, and an officer and director of the Company.

6.    Defendant DAVID PRICE ("PRICE") is now, and at all times herein mentioned was, an individual and citizen of the state of Maryland, and the Secretary of the Company.

7.    Defendant CLAIRNET, LTD., a Hong Kong corporation, ("ClairNet (Hong Kong)") is now, and at all times herein mentioned was, a subsidiary of the Company, organized in and with its principal place of business in Hong Kong.

8.    Defendant CONTINENTAL STOCK TRANSFER & TRUST is now, and at all times hereinmentioned was, a limited purpose trust company chartered under the state of New York Banking Department, and the transfer agent for Defendant CLAIRNET, LTD., a Nevada corporation.

9.    Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants has diverse citizenship to the Plaintiff, and Plaintiff will seek leave of court to allege their true names and citizenship when ascertained.

10.    This Court has jurisdiction over this case pursuant to 28 USC §1332 (diversity), and this action is not being brought to confer jurisdiction that the Court would otherwise lack.

11.    The Court has personal jurisdiction over the Defendants and venue is proper due to the fact that the Defendant CLAIRNET, LTD. entered into relationships and contracts with the Plaintiff in this judicial district, during a time when Defendant CLAIRNET, LTD. had its principal place of business in this judicial district.

12.    The Company is a publicly held corporation which is quoted on and trades on the OTC Markets Group, Inc.'s Pink Sheets under the trading symbol, "WFAM" and whose common stock is registered under Section 12g of the Securities Exchange Act. As

- 2 -

VERIFIED COMPLAINT

such, the Company is required to file annual and quarterly disclosures with the Securities and Exchange Commission. The last report the Company filed with the SEC was an amendment to its Form 10Q for the quarterly period ended June 30, 2012 on September 12, 2012. The Company is delinquent in its quarterly report on Form 10Q for the period ended September 30, 2012, and has not filed its annual report on Form 10K for the period ended December 31, 2012, which is due no later than March 31, 2013.

13. Since the Company became delinquent in is reporting obligations to the SEC, it has been downgraded on the OTC Markets Pink Sheets to a "yield" symbol, which means that the Company is not providing current information to the marketplace. Attached hereto and incorporated by reference herein as Exhibit 1 is a true copy of the Company's quotation with the OTC Markets as of February 5, 2013. The fact that the Company is still a reporting Company, which has not been filing its reports, makes it subject to revocation proceedings under Section 12(j) of the Securities Exchange Act. If the Company's registration under the Securities Exchange Act is revoked, the OTC Markets will be required to drop its common stock quotation and the Company will have no market for its common stock.

14. On September 7, 2012, the Company entered into an Exchange Agreement (the "Exchange Agreement") with Defendant ClairNet (Hong Kong), whereby the Company agreed to acquire all of the issued and outstanding securities of ClairNet, Ltd. in exchange for 75% of the Company's common stock. A true copy of said agreement is attached hereto and incorporated by reference herein as Exhibit 2. In conjunction with the Exchange Agreement, the Company also entered into a Technology Licensing Agreement, a true copy of which is attached hereto and incorporated by reference herein as Exhibit 3. This transaction has never been approved by the shareholders, nor were they given notice of it. The Company has effected a Merger to effect the Exchange Agreement (the "Merger"), and has issued 75% of the Company's stock to the

- 3 -

VERIFIED COMPLAINT

Defendants KARLSSON, QI, CLAYTON and PRICE as a result of that Exchange Agreement.

15. Prior to the Exchange Agreement, the Company, without shareholder approval, disposed of Wikifamilies, SA, the wholly-owned subsidiary of the Company, which consisted of virtually all of its assets, by entering into a Rescission Agreement (the "Rescission Agreement") dated September 8, 2012, a true copy of which is attached hereto and incorporated by reference herein as Exhibit 4. The Company had acquired Wikifamilies, SA in March 2011, and had spent hundreds of thousands of investor dollars on improving the asset, which consisted of a social networking website. No shareholder meeting was called to approve of the rescission and no notice of it was given to shareholders, whom, after the rescission, which resulted in the cancellation of the control stock of the former management control group, were the majority equity security holders of the Company with voting control.

16. After the rescission, the Company, having cancelled the common shares issued to its former management control group, appointed a new board of directors, who, pursuant to the Exchange Agreement, issued themselves 75% of the outstanding common stock of the Company, without notice to or approval of the remaining shareholders, who, at the time, held shares sufficient to control the corporation, making the Merger and events subsequent to the Merger an illegal corporate act under Nevada corporate law.

17. The Company, as a prerequisite to taking any corporate action to effectuate the Exchange Agreement and the Merger, was required to file with the SEC either an information statement on Schedule 14C, notifying the shareholders and public that it had the majority equity votes to approve the Exchange Agreement, or a proxy statement on Schedule 14A, asking for shareholder approval of the Exchange Agreement, pursuant to Section 14 of the Securities Exchange Act. Neither an information statement nor a proxy statement was filed, and the Company effected the Merger with ClairNet (Hong Kong) and issued the stock to the Defendants without authority to do so.

- 4 -

VERIFIED COMPLAINT

18.   Since the Company disposed of its only asset and entered into the agreements with ClairNet (Hong Kong), the Company has gone delinquent in its periodic filings with the SEC and has not held any shareholder meetings.  The Company's telephone number listed with the SEC is its old California telephone number, 909-708-4303, which is still under the control of the former Chief Financial Officer of the Company.  The Company's name listed with the SEC is the old company name of Wikifamilies, Inc.  The Company has never applied to the Financial Industry Regulatory Agency (FINRA) for a change of corporate name, nor has it notified the marketplace of a change in its business plan of operations.

19.   None of the Defendants have ever contacted the former Chief Financial Officer of the Company with regard to making the year-end financial statements or obtaining the financial books and records of the Company, which are required to file the Company's third quarter 10Q with the SEC for the period ended September 30, 2012, which was due on November 15, 2012, or the annual report for the year ended December 31, 2012, which is due on March 31, 2013.

20.   Since the Exchange Agreement and Merger, the Company has not complied with corporate formalities to continue its business, and does not even have an Internet presence for its current business, which is purportedly video search engine technology.

21.   The Company has abandoned its business and no longer has any significant business or assets.  The only asset appears to be the Technology Licensing Agreement (Exhibit 3), which has a zero value under generally accepted accounting principles, without an independent appraisal.

22.   The Company is publicly traded, and no current contact information is readily available for it.  The records of the Nevada Secretary of State indicate that the Company's address is the address of Defendant DAVID PRICE, in Rockville, Maryland.

23.   Plaintiff and Plaintiff's associates have invested approximately $1 Million in capital for the Company.  As such, until such time as new management took over,

- 5 -

Plaintiff personally oversaw that the Company made its SEC filings on time and that its attorneys and accountants were paid by the Company, for the protection of the shareholders, many of whom invested in the Company because Plaintiff had also done so. Collectively, the shareholders invested over $1 Million into the Company.

24.   Since the new management of the Company has taken over, Plaintiff and her colleagues have attempted many times to discuss the absolute lack of the Company's formulation, let alone implementation of a plan to go forward with its business, the lack of following corporate and legal formalities in disposing of the Company's assets and merging with ClairNet (Hong Kong) without any shareholder notice and approval, and without regard to the Company falling behind in its filings and the downgrading and jeopardizing of its common stock quotation with the OTC Markets Group.

25.   The Company is insolvent, has no capital to carry on its business, and has not carried on any business since it disposed of its assets and merged with ClairNet (Hong Kong). The Company currently has no assets, the rescission having stripped it of all its assets. It does not even have a website. The Company has not paid or made arrangements to pay its major creditor, Suprafin, Ltd., which holds a Note in the aggregate amount of principal and interest of $180,000, or its accounts payable and accrued officer's salaries.

26.   The current management of the Company, consisting of the Defendants, took action to vote for the Merger after the former management had withdrawn and cancelled its shares pursuant to the Rescission Agreement, without the approval of the remaining shareholders, who comprised the majority equity ownership and control of the corporation.

27.   Plaintiff's counsel has performed a thorough investigation of the Nevada Secretary of State's records of the Company's state filings on www.nvsos.gov. From these records, which are attached hereto and incorporated by reference herein collectively as Exhibit 5, it is apparent that the Company effected an amendment to its articles of

- 6 -

VERIFIED COMPLAINT

incorporation on December 12, 2012, to change its name to ClairNet, Ltd. It also appears from these records that the current officers and directors of the Company are all using the same address in Rockville, Maryland.

28.    Plaintiff's counsel has also reviewed the Company's filings with the SEC on www.sec.gov. The Company is delinquent in its reporting obligations to the SEC. Not only that, it filed no proxy statement or information statement regarding its Merger with ClairNet (Hong Kong) or amendment of its articles of incorporation to change its corporate name. This means they, the shareholders, were not given notice nor did they approve of the amendment.

29.    On February 6, 2013, Plaintiff's counsel sent a letter by certified and regular mail to Officer/Director John Karlsson, Officer David Price, and Officer/Director Dan Clayton, addressed to the Company's address of record with the Nevada Secretary of State, and by email to John Karlsson and David Price, and Vincent Qi by regular and certified mail on February 7, 2013, true copies of which are attached hereto collectively and incorporated by reference herein as Exhibit 6, demanding that the Defendants comply with the corporate formalities required of them to run the Company, and file the required reports with the SEC. The only response received was a letter dated February 12, 2013, from Defendant David Price, a true copy of which is attached hereto and incorporated by reference herein as Exhibit 7, was of no substance. Plaintiff's counsel responded to said letter on February 13, 2013, a true copy of which is attached hereto and incorporated by reference herein as Exhibit 8.

30.    Plaintiff's counsel had attempted over a period from November 26, 2012 through December 4, 2012, to communicate with Mr. Karlsson on behalf of shareholders and creditors of the Company, in an attempt to find out what the Company was doing and to request that the corporation comply with corporate formalities and to continue its business. During this time, Plaintiff's counsel sent him numerous emails, copies of which are attached hereto and incorporated by reference herein as Exhibit 9, and placed

- 7 -

VERIFIED COMPLAINT

numerous telephone calls to Defendant KARLSSON to discuss the Company, and Defendant KARLSSON left messages returning the calls, but was unable to discuss the matter. To this day, Mr. Karlsson has not seen fit to write or call Plaintiff's counsel to discuss the shareholders' concerns, which has forced them to resort to filing this complaint.

31. The Company's SEC reports state that Dan Clayton resides in Beijing, China. Plaintiff's counsel performed a Google search for him and found him on LinkedIn, where he is listed as the CEO of ClairNet, Ltd., and connected with him, sending him a message to contact him regarding the Company. He has not responded to the message.

32. Without its books and records, the Company has no chance of compiling financial statements and undergoing an audit of those financial statements in time to file the annual report on Form 10K that is due on March 31, 2013. Plaintiff has also been informed and believes that the Company has not paid its auditors to perform the review required by law of its September 30, 2012 financial statements, which are yet to be prepared, and its year-end financial statements.

33. Since the Company is not current in its financial information or reporting to the SEC, under Section 12(k) of the Securities Exchange Act, the SEC can suspend the trading of any Company that it feels has not made current information available to the marketplace, and, in this event, even if the suspension is temporary, the Company would have to apply for a new quotation of its securities to FINRA and would lose its current quotation on the OTC Markets.

34. Plaintiff has been forced to retain counsel and expend attorney's fees in order to bring this derivative action on behalf of the Company, and has, and will continue to incur attorney's fees, for which it demands to be reimbursed on behalf of the Company.

- 8 -

VERIFIED COMPLAINT

## FIRST COUNT FOR RESCISSION AND RESTITUTION.

35.    Plaintiff hereby repeats and realleges each and every allegation contained within paragraphs 1 through 34 of the introductory allegations, and incorporates the same by reference as though set forth herein.

36.    On or about September 2012, Plaintiff discovered that Defendants have not followed the procedure required by Section 14 of the Securities and Exchange Act to effectuate the Exchange Agreement or Merger, by failing to file an Information Statement or Proxy Statement with the SEC, and failing to obtain the consent of a majority of the equity shareholders when effectuating the Merger.

37.    Plaintiff intends service of this complaint to give Notice of Rescission to Defendants, and demands restitution and cancellation of all shares issued for the Exchange Agreement and Merger and cancellation of the Exchange Agreement and Merger.  Plaintiff tenders and restores to Defendants anything of value, if any, received by the Company under the Exchange Agreement and Merger.

38.    Defendants, and each of them, have failed and refused, and continue to fail and refuse to restore the shares of common stock to the Company for cancellation.

39.    Plaintiff hereby demands restitution of all consideration from the Exchange Agreement to the Defendants; i.e. all shares of common stock (the "Shares"), be returned to the Company for cancellation.

40.    As a proximate result of Defendants' failure to restore the consideration for the Exchange Agreement, the Company has been damaged in a sum exceeding $75,000, which sum will be proven at trial, and represented by the Company's loss of value to its common stock due to the failure to file reports with the SEC, with resultant effect on the market value of the stock, for failure to keep the marketplace informed of current financial information, as well as the upcoming eventual revocation of registration and loss of market quotation.

VERIFIED COMPLAINT

**SECOND COUNT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF.**

41.     Plaintiff hereby repeats and realleges each and every allegation contained within paragraphs 1 through 34 of the introductory allegations, and paragraphs 36 through 40 of the first count, and incorporates the same by reference as though set forth herein.

42.     An actual controversy has arisen and now exists between Plaintiff and Defendants, whereby Plaintiff contends that the Defendants' actions in failing to follow the law and failing to file requisite filings with the SEC have endangered the market for the Company's common stock, and diminished the Company's reputation and goodwill, and that the Exchange Agreement and Merger were accomplished without proper corporate formalities, are void, and that the Defendants have an immediate obligation to restore all Company common stock issued to the Company for immediate cancellation. Defendants contend that they have the right to keep the common stock without consideration, and have no duty to the shareholders or the Company to maintain the Company's SEC filings and stock quotation.

43.     The common stock of the Company is very thinly traded, does not trade on a daily basis, and, unless Defendants are enjoined and restrained from voting the common stock that was issued to Defendants without corporate authority and for lack of consideration, the Company will continue to be delinquent in its reporting obligations to the SEC, which will result in a revocation of its registration under the Securities Act of 1933 and the loss of its quotation on the OTC Markets, and the Company will suffer irreparable injury, in that, without a market for its common stock, it will be unable to raise capital to continue its business.

44.     The Company has no adequate remedy at law for the injuries currently being suffered and will suffer irreparable and permanent injury in that, unless Defendants are enjoined and restrained from voting their Shares against the Company's notice of a special shareholder's meeting to appoint an interim board of directors to bring current the

- 10 -

VERIFIED COMPLAINT

Company's filings with the SEC and continue its business, the Company will lose its ability to raise capital and become delinquent in its filings with the Securities and Exchange Commission, subjecting it to revocation of its registration under Section 12g of the Securities Exchange Act of 1934 and the loss of its stock quotation on the OTC Markets, which require the Company's reports to be current to maintain a quotation. This will result in a total loss of market value of the Company's common shares.

**WHEREFORE**, Plaintiff prays for relief as follows:

1.    For a preliminary injunction, and a permanent injunction, all enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them:

a.    From further violating the Securities Act of 1933;

b.    From voting any of the Shares issued to Defendants against the calling of a special shareholder's meeting, and election of an interim board of directors, to bring current the Company's filings with the SEC and maintain the Company's stock quotation and business, and that said Shares not be counted toward a quorum or percentage of voting control for purposes of the meeting;

2.    For a declaration that the Exchange Agreement and Merger are rescinded, and that ClairNet, Ltd., a Hong Kong corporation, and all its assets, be returned to Defendants, and all Shares of the Company issued to Defendants be and hereby be declared cancelled;

3.    For compensatory damages according to proof;

4.    For reasonable attorney's fees; and

5.    For such other and further relief as the Court may deem just and proper.

- 11 -

VERIFIED COMPLAINT

DATED:  March 5, 2013

Respectfully submitted,

_____

KENNETH G. EADE (SBN 93774)
Attorney for Plaintiff,
ANGELIQUE DE MAISON, derivatively

- 12 -

VERIFIED COMPLAINT

## **VERIFICATION**

I, ANGELIQUE DE MAISON, declare:

I am shareholder of CLAIRNET, LTD., a Nevada corporation, formerly known as WIKIFAMILIES, INC.

I am a domiciliary of the state of California and the Plaintiff, derivatively, on behalf of CLAIRNET, LTD., formerly known as WIKIFAMILIES, INC., a Nevada corporation, of the above action.

I have read the foregoing VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT and declare under penalty of perjury, under the laws of the United States and the State of California, that the foregoing is true and correct.

Signed this 6th day of March, 2013.

ANGELIQUE DE MAISON

VERIFIED COMPLAINT

# EXHIBIT 1

2/8/13                          WFAM Wikifamilies, Inc.: Summary, Stock Quote & Trades for Wikifamilies, Inc. - OTCMarkets.com



Directories        Stock Screener



| All Markets | | | | Pink | | Other OTC | Investors | Traders & Brokers | Companies & Advisors |



Enter Symbol/Company Name          Sponsored By

Company Directory | Stock Screener

| | OTC Pink Totals | 6,178 Securities | $259,931,875 Dollar Volume | 1,874,696,092 Share Volume | 45,924 Trades |

You are in OTC Pink > Current Market > WFAM > Quote                    Email    Print    Share

| | |
|---|---|
| Quote | WFAM   **Wikifamilies, Inc.** |
| Charts | Common Stock                                    OTC Pink Limited Information |
| Company Info | |
| News | **0.024**  0.0099 (70.21%) |
| Financials | Real-Time Best Bid & Ask |
| Filings and Disclosure | 0.018 / 0.024 (1 x 1) Why is size 1? |
| Short Sales | Trade Time 12:00:59 EST / Last Best Bid & Ask Update 9:00:59 EST |
| Insider Disclosure | |
| Research Reports | |

| | Previous Close | Daily Range | Volume | Average Vol (3m) |
|---|---|---|---|---|
| | 0.0141 | 0.024 - 0.024 | 54,950 | 24,125 |
| | **Open** | **52wk Range** | **Dividend** | **Yield** |
| | 0.024 | 0.47 - 0.01 | N/A | N/A |


Cert Clearing


www.otcquote.com


www.otciq.com

OTC Intelligence™
OTCIQ.com
www.otciq.com


FREE OTC
TOOLKIT™
Learn More!



Why are Real-Time Level 2 Quotes not displayed for Wikifamilies, Inc.?

Trade Summary: Trade Data Delayed 15 minutes


Markets

**Our Markets**
OTCQX
OTCQB
OTCPink

**Products**
OTC Dealer
Real–Time Data Products
OTC Disclosure & News Service
Real-Time Level 2 Quotes
More for Traders & Brokers...
More for Companies & Advisors...

**Market Info**
Contact Us
Market Hours/Holidays
OTC Symbology Guide
Glossary

**Corporate Info**
About
Investor Relations
Press Center
Jobs

Sign up for the OTC Markets Newsletter



View Previous Newsletters

Site Map          Give Feedback          OTC News RSS Feed          Follow us on Twitter          ↑ Jump to Top

© 2013 OTC Markets Group Inc.   Terms of Service   Linking Terms   Trademarks   Privacy Statement   Risk Warning   Investor Relations

OTC Link® ATS provided by OTC Link LLC, member FINRA / SIPC, a wholly owned subsidiary of OTC Markets Group Inc. OTCQX, OTCQB and OTC Pink marketplaces designated by OTC Markets Group.