O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 13-00481-VAP (SPx)                               Date: April 30, 2013

Title:   ANGELIQUE DE MAISON, DERIVATIVELY, ON BEHALF OF
CLAIRNET, LTD., etc. -v- CLAIRNET, LTD., et al.
===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                None Present
    Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR                   ATTORNEYS PRESENT FOR
PLAINTIFFS:                             DEFENDANTS:

    None                                         None

PROCEEDINGS:      MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR
                  PRELIMINARY INJUNCTION (DOC. NO. 4) (IN
                  CHAMBERS)

     Plaintiff Angelique De Maison brings this shareholder derivative action arising out of an agreement between ClairNet, Ltd., formerly known as WikiFamilies, Inc. ("ClairNet") and a Hong Kong-based company to exchange shares and assets, along with a subsequent failure to file securities disclosures.  Plaintiff's Motion for Preliminary Injunction (Doc. No. 4) came before the Court for hearing on April 22, 2013.  For the reasons expressed below, the Court DENIES the Motion.

EDCV 13-00481-VAP (SPx)
ANGELIQUE DE MAISON, etc. v. CLAIRNET, LTD., et al.
MINUTE ORDER of April 30, 2013

# I. BACKGROUND

## A. Factual Background

ClairNet is a publicly-held corporation organized under the laws of Nevada. (Compl. ¶ 12.) Its common stock is registered with the United States Securities and Exchange Commission ("SEC") and traded under the symbol WFAM on OTC Markets Group, Inc.'s Pink Sheets. (Id.) Plaintiff and her associates have invested approximately $1 Million into ClairNet. (Compl. ¶ 23.) Plaintiff oversaw the filing of ClairNet's securities reports for an unspecified period of time. (Id.)

In March 2011, ClairNet acquired WikiFamilies, SA, which owned a social networking website. (Compl. ¶ 15.) ClairNet invested hundreds of thousands of investor dollars in improving the website. (Id.) WikiFamilies, SA constituted nearly all of ClairNet's assets. (Id.) Before September 7, 2012, ClairNet entered into a Rescission Agreement with WikiFamilies, SA, cancelling ClairNet's acquisition and returning all consideration. (Compl. ¶ 15 & Ex. 4.) As part of the rescission, ClairNet cancelled certain stock that had been given to the WikiFamilies, SA management control group. (Compl. ¶ 15.) ClairNet did not notify its shareholders of the rescission or seek their approval before entering into the agreement. (Id.) After the rescission, Plaintiff and other shareholders held the majority of shares in the company. (Id.)

On September 7, 2012, ClairNet entered into an Exchange Agreement with Defendant ClairNet, Ltd. (Hong Kong) ("CHK"). (Compl. ¶ 14.) Through the Exchange Agreement, ClairNet acquired all of CHK's outstanding securities, and CHK's shareholders acquired newly issued shares of ClairNet common stock equivalent to 75% of all shares outstanding (including the new shares). (Compl. ¶ 14 & Ex. 2.) ClairNet also entered into a Technology Licensing Agreement with CHK, through which ClairNet obtained the rights to license CHK's "video search engine technology." (Compl. ¶ 14 & Ex. 3.) ClairNet did not give its shareholders notice of the transaction. (Compl. ¶ 14.) ClairNet also appointed a new board of directors, including Defendants John Karlsson, Vincent Qi, and David Clayton. (Compl. ¶ 16 & Ex. 2, at 14.)

EDCV 13-00481-VAP (SPx)
ANGELIQUE DE MAISON, etc. v. CLAIRNET, LTD., et al.
MINUTE ORDER of April 30, 2013

Plaintiff asserts Clairnet had no authority to execute the Exchange Agreement without first filing documents with the SEC and asking for shareholder approval. (Compl. ¶ 17.)

Since merging with CHK, ClairNet has failed to file reports with the SEC and has not held any shareholder meetings. (Compl. ¶¶ 12, 18.) As a result of this failure, OTC Markets Pink Sheets has downgraded ClairNet's stock to a "yield" symbol. (Compl. ¶ 12.) The Company has not changed its name with the SEC or the Financial Industry Regulatory Agency ("FINRA"). (Compl. ¶ 18.) ClairNet is insolvent, has no capital, and has not carried on any business since it merged with CHK. (Compl. ¶ 25.)

## B.  Procedural History

Plaintiff filed a Complaint against Defendants CHK; John Karlsson; David Price; Vincent Qi; David Clayton; Continental Stock Transfer & Trust ("Continental"); and ClairNet, as a nominal Defendant, on March 14, 2013, asserting one claim for Rescission and Restitution, and a second claim for Declaratory Relief and Injunctive Relief (Doc. No. 1). On the same day, Plaintiff filed this Motion for Preliminary Injunction (Doc. No. 4). In support of her Motion, Plaintiff filed the Declaration of Trisha Malone ("Malone Declaration"); the Declaration of Kenneth Eade ("Eade Declaration"); the Affidavit of Zirk Engelbrecht ("Engelbrecht Declaration"); and fifteen exhibits. (Id.)

Plaintiff filed a stipulation to dismiss Continental on April 5, 2013 (Doc. No. 13). On April 10, 2013, at Plaintiff's request, the Clerk of Court entered default against ClairNet (Doc. No. 17). No Defendants have appeared in the action.

## II. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24–25 (2008); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1126-27 (9th Cir. 2009). "A preliminary injunction is an extraordinary and drastic remedy . . . ; it is never awarded as of right." Munaf v. Green, 553 U.S. 674, 689-90 (2008) (citations

EDCV 13-00481-VAP (SPx)
ANGELIQUE DE MAISON, etc. v. CLAIRNET, LTD., et al.
MINUTE ORDER of April 30, 2013

omitted). Moreover, because a preliminary injunction is an extraordinary remedy, the movant must carry his burden of persuasion by a "clear showing." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); City of Angoon v. Marsh, 749 F.3d 1413, 1415 (9th Cir. 1984).

## III. DISCUSSION

Plaintiff has failed to make a "clear showing" that ClairNet "is likely to suffer irreparable harm in the absence of" the requested preliminary relief. Plaintiff asserts that ClairNet will suffer irreparable harm as a result of its failure to file SEC reports, because its stock price will drop and the SEC may require Pink Sheets to stop trading ClairNet's stock. (Mot. at 20–21.) Plaintiff attaches a stock quotation to her Motion, however, that shows ClairNet's common stock trading at $0.024 as of February 8, 2013. (See Ex. 1 to Mot.) It is apparent that the stock price cannot fall much further.

Moreover, the immediate action Plaintiff seeks is not to force the company to file disclosures, but to put Plaintiff in charge of the company. Plaintiff's requested injunction would deprive Defendants (and "all persons acting in concert with them") of the right to vote their shares, allowing Plaintiff and the remaining shareholders to vote in a new board of directors and make any other changes they see fit. (See Not. of Mot. (Doc. No. 4) at 1.) Such an injunction would not maintain the status quo or prevent the alleged "irreparable harm." In addition, such an injunction would not be "narrowly tailored to affect only those persons over which it has power, and to remedy only the specific harms shown by the plaintiff[]." Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004).

As Plaintiff has failed to show that ClairNet is likely to suffer irreparable harm in the absence of the requested preliminary injunction, the Court need not address the remaining factors. See Winter, 555 U.S. at 22.

**EDCV 13-00481-VAP (SPx)**
**ANGELIQUE DE MAISON, etc. v. CLAIRNET, LTD., et al.**
**MINUTE ORDER of April 30, 2013**

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion for Preliminary Injunction.

**IT IS SO ORDERED.**